Stephen WZESINSKI

v.

Roy M. AMOS, as United States Marshal of the Northern District of Indiana, and Jack West, as Sheriff of Lake County, Indiana.

Civ. No. 2009.

United States District Court
N. D. Indiana, Hammond Division.

Sept. 11, 1956.

Harry Long, Gary, Ind., for petitioner.

Phil M. McNagny, Jr., U. S. Dist. Atty., Fort Wayne, Ind., Kenneth Raub, Asst. U. S. Dist. Atty., Gary, Ind., for respondent.

PARKINSON, District Judge.

This is a habeas corpus proceeding wherein the petitioner is seeking his release from custody of the United States Marshal, by whom he is being held under an alias warrant issued by this court

in Criminal Cause No. 2037 on an indictment returned by the Grand Jury of this District charging him with bank robbery in two counts, for the alleged failure of the Government to give him a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States. The petitioner, as the defendant in Criminal Cause No. 2037, has also filed in Criminal Cause No. 2037 a petition to dismiss the indictment and discharge him from further prosecution for the same reason.

Both petitions were assigned for hearing at the same time. The Government was willing to stipulate that the question was properly raised by the petition to dismiss and discharge in the criminal cause but the petitioner announced that he wanted to proceed in the habeas corpus proceeding as well as on his petition in the criminal cause because he would have the right to an immediate appeal in the habeas corpus proceeding. Accordingly both petitions were submitted to the court simultaneously and it is the habeas corpus proceeding on the merits which now solicits the decision of this court.

As the findings of fact and conclusions of law will appear herein, this opinion will be filed and will so serve.

The facts, which are not in dispute, are that on June 30, 1948 the Grand Jury of this District returned an indictment charging the petitioner with bank robbery, which was filed in this court as Criminal Cause No. 2037, and capias was issued thereon the following day. On July 7, 1948 the petitioner was indicted for first degree murder in the Lake Criminal Court of Lake County, Indiana. He was taken into custody by the State of Indiana on July 8, 1948 under a warrant issued on the Lake Criminal Court indictment. In the Lake Criminal Court he was sentenced to life imprisonment and was committed to the Indiana State Prison for life where he remained from July 13, 1948 until September 22, 1955, when his petition for a Writ of Error Coram Nobis was granted and a new trial ordered by the Lake Criminal Court. He

was returned from the Indiana State Prison to the Lake County Jail for further proceedings in the state court. On May 17, 1956 the State of Indiana dismissed its indictment against him, and on May 22, 1956 the State of Indiana surrendered custody to the United States Marshal under an alias warrant issued out of this court on October 19, 1955 in Criminal Cause No. 2037.

It is the contention of the petitioner that he has been denied his constitutional right to a speedy trial in this court for the reason that this court could have taken him into custody before he was taken into custody by the State of Indiana; that his imprisonment for life in the Indiana State Prison was under a void sentence in the state court and that this court could have secured his custody from the State of Indiana at any time under a Writ of Habeas Corpus Ad Prosequendum and its failure to do so was a denial of his right to a speedy trial.

The record is silent as to why the State of Indiana took custody of the petitioner first. If there was a failure on the part of the Federal Government to take custody of the petitioner first, which would constitute a denial of the petitioner's constitutional right to a speedy trial, the burden was upon the petitioner to so show. The undisputed fact is that the State of Indiana did secure custody first, and in the absence of any evidence showing a failure, or from which this court could infer a failure, on the part of the Federal Government which would amount to a denial of the constitutional right of the petitioner to a speedy trial, this contention is entirely without merit.

The facts are that the State of Indiana had custody of the petitioner from July 8, 1948 until May 22, 1956, when he was surrendered for the first time to the Marshal of this court. Whether that custody was lawful or unlawful can be of no possible concern to this court in this proceeding. The State of Indiana did have custody and unless this court had the power to secure custody under a

Writ of Habeas Corpus Ad Prosequendum the contention of the petitioner collapses.

 The core vital to the preservation of our two systems of state and federal courts from actual conflict is the prime rule that the state or federal court which first takes custody of a defendant in a criminal proceeding must be permitted to retain custody until it has exhausted its remedy to the exclusion of the other. The state of Indiana took custody of the petitioner in the criminal proceedings in the Lake Criminal Court and it had the right to exhaust its remedy and retain custody to the exclusion of this court. This court could secure custody of the petitioner only when the right of the State of Indiana to retain his custody terminated unless prior thereto the State of Indiana voluntarily surrendered him to the Marshal of this court.

The petitioner contends that this court could have secured his custody under a Writ of Habeas Corpus Ad Prosequendum and cites the recent Hodge case in Illinois where such procedure was followed. We recognize that under the rule of comity such procedure is proper, but we also know that the Legislature of Indiana has specifically forbidden the removal of any life convict from any of its prisons for sentence or trial except for treason or first degree murder. This defendant was a life convict in the Indiana State Prison and is charged here with bank robbery.

Of course in some criminal cases the State of Indiana might honor a Writ of Habeas Corpus Ad Prosequendum issued out of a federal court and voluntarily surrender custody, but under the law it can not be compelled to nor is a federal court required to attempt to secure custody of a defendant who is in custody of the State of Indiana until the State of Indiana has exhausted its remedy in order to avoid failure to give the defendant a speedy trial. The defendant is now under the jurisdiction of this court and all of his constitutional guarantees will be afforded to him, of that he may be quite certain.

Under the law it was impossible to secure the presence of the petitioner in this court while he was in custody of the State of Indiana. It was impossible for this court to proceed in Criminal Cause No. 2037 without his presence. The law never penalizes for a failure to do the impossible.

The prayer of the petition is denied; the petition dismissed; the respondents discharged from the writ, and the petitioner remanded to the custody of the respondent, Roy M. Amos, United States Marshal for the Northern District of Indiana.

The clerk will enter judgment accordingly at the costs of the petitioner.